Jaime B. Goldberg, OSB #842339
jaimeg@mlgattorneys.com
Elizabeth Lemoine, OSB #040811
elizabethl@mlgattorneys.com
515 NW Saltzman Road, #811
Portland, Oregon   97229
Telephone:  (503) 880-0844
Facsimile:  (503) 718-7682
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **GLENN  WILSON**, | Civil No.  6:13-cv-1538-AA |
| **Plaintiff,** | |
| v. | **[Proposed]**<br>**FIRST AMENDED COMPLAINT**<br>**VIOLATION OF TITLE VII** |
| **OREGON YOUTH AUTHORITY,**<br>An Agency of the **STATE OF OREGON,** | Jury Trial Requested |
| **Defendant.** | |

Plaintiff alleges:

**JURISDICTION AND VENUE**

1.

Jurisdiction is appropriate for this Court under 28 USC §1331 and 42 USC §1998.

Page 1     FIRST AMENDED COMPLAINT

2.

All preconditions to jurisdiction under section 42 U.S.C. §2000e have been satisfied;

(A) On or about August 22, 2012, Plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC) (which were co-filed with the Oregon Bureau of Labor and Industries (BOLI)), EEOC case number 55120120264;

(B) On or about June 17, 2013, Plaintiff received a right-to-sue letter issued by the EEOC;

(C) Plaintiff filed this complaint on September 3, 2013, within 90 days of the right-to-sue letter issued by the EEOC.

(D) On or about August 4, 2014, Plaintiff filed additional charges of retaliation with the EEOC, EEOC case number 551201401514;

(E) On or about August 22, 2014, Plaintiff received a right-to-sue letter issued by the EEOC;

(F) Plaintiff sought to amend this complaint within 90 days of the right-to-sue letter issued by the EEOC.

3.

Venue is in the District Court of Oregon in Eugene, pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

4.

Plaintiff is an African-American citizen of the United States.

5.

The Oregon Youth Authority (OYA) is an agency of the State of Oregon with the responsibilities of providing custody, rehabilitation and treatment programming for youth offenders.

6.

Plaintiff ~~has been~~ was employed by Defendant for approximately 24 years. During all times relevant herein, Plaintiff ~~has~~ served as a Group Life Coordinator in the MacLaren Youth Correctional Facility in Woodburn, Marion County, Oregon.

7.

Defendant's employees who were Plaintiff's supervisors at the MacLaren Youth Correctional Facility during all times relevant herein include Superintendent Sid Thompson, Program Director George Covey, Program Director Tom Johnson, Treatment Manager Jeffrey Canfield, Treatment Manager Jeffrey Benham, Acting Treatment Manager-Program Manager Tom Anhalt, Special Education Case Manager Jack Rosevear, Treatment Manager Tim Vandersteen, and Human Resources Analyist Sean J. Deshaies.

8.

All acts of Defendant's employees alleged herein were within the course and scope of their employment with the Defendant.

9.

At all times relevant herein, the only other African-American staff member in Plaintiff's work unit was Andre Johnson.

10.

On or about May 3, 2011, OYA Treatment Manager Canfield, Plaintiff's direct supervisor, without warning struck Plaintiff in his head and then made two more attempts to hit

the Plaintiff. The physical contact was unprovoked, unwelcome, and intimidating to the Plaintiff. The youth under Plaintiff's supervision and other staff were present, which was very humiliating for the Plaintiff.

11.

In June of 2011, Defendant became aware of the unprovoked striking of Plaintiff's head by Treatment Manager Canfield on May 3, 2011; however, Defendant continued to leave Treatment Manager Canfield in charge of Plaintiff as his direct supervisor.

12.

On June 7, 2011, Treatment Manger Canfield subjected Plaintiff to an unwarranted, humiliating and intimidating verbal attack, during which Treatment Manager Canfield waived a thick file in front of Plaintiff and stated that there were ongoing problems with the Plaintiff and that he, Treatment Manager Canfield, was collecting evidence to show that Plaintiff was not a good employee.

13.

On July 7, 2011, as Andre Johnson was talking to two juvenile offenders, Treatment Manager Canfield forcefully struck Andre Johnson on his shoulder, and as he was walking away, Treatment Manager Canfield said, "oh, I guess I shouldn't have done that". This physical contact was unprovoked and unwelcome.

14.

Plaintiff became aware of the unprovoked and unwelcome hitting of Andre Johnson by Treatment Manager Canfield on the same date that it occurred, on July 7, 2011.

Page 4    FIRST AMENDED COMPLAINT

15.

Following the hitting of Plaintiff and Andre Johnson by Treatment Manager Canfield in May and July of 2011, Plaintiff and Andre Johnson were subjected to joking, sarcasm and inquiries by co-workers regarding the managers at the MacLaren Youth Correctional Facility hitting the African-American employees.

16.

On August 19, 2011, Treatment Manager Canfield used his elbow to strike Plaintiff in his left side rib cage area. This physical contact was unprovoked, unwelcome, and intimidating to Plaintiff.

17.

In September 2011, OYA supervisory employees became aware of Plaintiff talking about Treatment Manager Canfield striking Plaintiff on August 19, 2011. The OYA supervisory staff then subjected Plaintiff to several acts of harassment, humiliation, intimidation, and more stringent terms and conditions of employment, including but not limited to, the following:

(A) On September 27, 2011, Plaintiff was involuntarily transferred to a more dangerous work unit for several weeks;

(B) On December 28, 2011, Program Director Covey issued an undeserved and unwarranted "Memorandum of Concern" to Plaintiff. This Memorandum threatened Plaintiff with possible future discipline, including pre-dismissal proceedings;

(C) On January 18, 2012, in an email to Plaintiff, Treatment Manager Canfield used the term "you da man", a phrase making fun of the speech of African-Americans and Plaintiff. This "humor" was uninvited, unwelcome and humiliating;

(D)  On January 24, 2012, Treatment Manager Canfield gave Plaintiff an unwarranted and inaccurate "Memorandum of Concern" that warned Plaintiff that future behavior of the type alleged could lead to formal disciplinary action up to and including dismissal from State service;

(E)  On January 25, 2012, Treatment Manager Canfield approached the Plaintiff and used his elbow in an attempt to strike Plaintiff in his ribs, and was stopped only by Plaintiff blocking the blow with his arm.  This physical contact was unprovoked and unwelcome;

(F)  On February 9, 2012, Program Director Covey attempted to strike Plaintiff in his ribs with his elbow, and was stopped only by Plaintiff raising his arm and taking the blow in his right fore-arm.  This physical contact was unprovoked and unwelcome;

(G)  On May 8, 2012, OYA Human Resources Analyst Sean J. Deshaies convened an investigatory meeting where alleged performance problems of Plaintiff were discussed; and

(H)  On May 31, 2012, OYA Treatment Manager Jeffrey Benham gave Plaintiff and inaccurate and unwarranted "Letter of Warning" threatening future discipline, up to and including dismissal from State service.

18.

In August of 2012, Plaintiff filed a charge regarding the harassment, humiliation and intimidation of OYA's supervisory staff with the EEOC.

19.

Following Plaintiff's filing a charge with the EEOC in August of 2012, OYA supervisory staff subjected Plaintiff to several additional acts of harassment, humiliation and intimidation, and more stringent terms and conditions of employment;

(A) On September 14, 2012, Superintendent Thompson issued an inaccurate and unwarranted "Letter of Reprimand" to Plaintiff threatening further disciplinary action up to and including dismissal from State service;

(B) Additionally, on September 14, 2012, OYA Program Director Tom Johnson gave Plaintiff his yearly evaluation. The evaluation was very negative and not correct;

(C) On April 30, 2013, Program Director Tom Johnson gave Plaintiff an undeserved and unwarranted "Letter of Reprimand", which threatened future, further discipline against the Plaintiff;

(D) On or about May 7, 2013, OYA Acting Treatment Manager-Program Manager Tom Anhalt struck Plaintiff on his right shoulder. Then, in less than an hour after this, Acting Treatment Manager-Program Manager Tom Anhalt struck Plaintiff again, this time on his left shoulder, and stated, "I guess I shouldn't be hitting you but I'm just playing around trying to be friendly." These physical contacts were unprovoked, unwelcome, humiliating and intimidating;

(E) On August 7, 2013, while working with youth offenders, Special Education Case Manager Jack Rosevear yelled at Plaintiff in front of youth offenders, a teacher and an office clerk. Plaintiff contacted his supervisor, Treatment Manager Tim Vandersteen and asked for a break after Case Manager Rosevear's unprovoked outburst against him. Treatment Manager Vandersteen refused Plaintiff's request and proceeded to yell and shake his finger at Plaintiff in front of the teacher, youth offenders and other co-workers for allegedly "challenging" his authority. The verbal abuse was unwelcome, humiliating and intimidating.

///

///

Page 7    FIRST AMENDED COMPLAINT

20.

Through all times relevant herein, Defendant's supervisory employees scrutinized, singled out, and excessively questioned Plaintiff about his conduct, many times in front of co-workers and youth offenders.

21.

Through all times relevant herein, Defendant's supervisory employees continued to subject Plaintiff to harassment, humiliation and intimidation.

22.

The repeated acts of harassment, humiliation, and intimidation perpetrated on Plaintiff by Defendant's supervisory staff at the MacLaren Youth Correctional Facility altered the conditions of Plaintiff's employment and caused Plaintiff to perceive the working environment to be racially hostile; and this perception was reasonable.

23.

As a result of the repeated acts of harassment, humiliation, and intimidation perpetrated on Plaintiff by Defendant's supervisory staff at the MacLaren Youth Correctional Facility, Plaintiff suffered non-economic damages. He was repeatedly harassed, humiliated, and intimidated. As a result, the Plaintiff was in a constant state of anxiety, as each day he came to work he was uncertain when and in what form further unwelcome acts of harassment, humiliation and intimidation by his supervisors would be taken against him.

24.

Following Plaintiff's filing of this lawsuit in September 2013, Defendant commenced an investigation of Plaintiff based on alleged events that occurred in November and December of 2013. On December 13, 2013, Defendant placed Plaintiff on Duty Station at Home status (paid

leave). On January 7, 2014, Defendant commenced pre-dismissal proceedings against Defendant. On February 21, 2014, Defendant terminated Plaintiff's employment.

25.

Defendant took the adverse employment action of terminating the Plaintiff in retaliation for protected activity under Title VII, which included Plaintiff's filing of his complaint of discrimination with the EEOC and the subsequent filing of his lawsuit against Defendant in federal court, which occurred approximately two months prior to the alleged charges leading to his wrongful termination.

## CLAIMS-VIOLATIONS OF TITLE VII

### Count 1:  Racially Hostile Work Environment, 42 U.S.C. §2000e-2

26.

Plaintiff re-alleges paragraphs 1-25 as set forth herein.

27.

42 U.S.C. §2000e-2(a) provides, "it shall be an unlawful employment practice for an employer to "discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of the individual's race, color, religion, sex or national origin….."

28.

Plaintiff is African-American.  Defendant employed Plaintiff during the time in question. During the course of Plaintiff's employment with Defendant, Plaintiff suffered from intimidating, insulting, humiliating and threatening behavior from OYA's supervisory staff at its MacLaren Youth Correctional Facility, because of Plaintiff's race and color.  This conduct was unwelcome, and was pervasive and severe enough to alter the conditions of Plaintiff's

employment and create a racially hostile work environment.  The repeated incidents perpetrated on Plaintiff by the Defendant's supervisory staff at the MacLaren Youth Correctional Facility caused Plaintiff to perceive the working environment to be racially hostile, and this perception was reasonable.  Thus Defendant violated 42 U.S.C. §2000e-2.

29.

Plaintiff has suffered non-economic damages as alleged in paragraph 23 as a result of Defendant's racially hostile work environment. Plaintiff seeks recovery of equitable relief and non-economic damages in addition to reasonable attorneys fees and costs pursuant to 42 U.S.C. §1988.

**Count 2:  Discrimination for Making Charges, 42 U.S.C. §2000e-3(a)**

30.

Plaintiff re-alleges paragraphs 1-29 as set forth herein.

31.

42 U.S.C. §2000e-3(a) provides, "it shall be an unlawful employment practice for an employer to discriminate against any of his employees……to discriminate against any individual…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter."

32.

Plaintiff filed his charge of discrimination with the EEOC in August 2012.  He continued to suffer from intimidating, insulting, humiliating and threatening behavior from OYA's supervisory staff at its MacLaren Youth Correctional Facility, because of Plaintiff's race and color after the charge was filed.  The EEOC issued a right to sue letter to Plaintiff on or about

June 17, 2013 and Plaintiff filed this lawsuit on September 3, 2013. Shortly after Plaintiff filed the lawsuit, Defendant commenced an investigation into alleged events involving Plaintiff, which occurred in November and December 2013. Defendant then wrongfully terminated Plaintiff, without just cause, in retaliation of Plaintiff's filing of his racially hostile work environment lawsuit against Defendant. Thus Defendant violated 42 U.S.C. §2000e-3.

33.

Plaintiff has suffered economic damages as a result of Defendant's wrongful and retaliatory termination of his employment. Plaintiff seeks recovery of equitable relief and economic damages in addition to reasonable attorneys fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff requests the following on his claims for relief:

On Count 1 of his Amended Complaint:

    A.    Non-economic damages in an amount to be proven at trial;

    B.    Reasonable attorney fees and costs pursuant to 42 U.S.C. §1988 and 42 U.S.C. §12205;

    C.    Such equitable relief and other relief as the court deems proper and just.

On Count 2 of his Amended Complaint:

    A.    Economic damages in an amount to be proven at trial;

    B.    Reasonable attorneys fees and costs pursuant to 42 U.S.C. 1988 and 42 U.S.C. §12205;

    C.    Such equitable and other relief as the court deems proper and just.

DATED this 20th day of October, 2014

Respectfully submitted:

/s/ Jaime B. Goldberg
Jaime B. Goldberg, OSB # 842339
jaimeg@mlgattorneys.com
/s/ Elizabeth Lemoine
Elizabeth Lemoine, OSB #040811
elizabethl@mlgattorneys.com
Of Attorneys for Plaintiff
Makler Lemoine & Goldberg, PC
515 NW Saltzman Road Ste 811
Portland, OR 97229

CERTIFICATE OF SERVICE

I hereby certify that on the 20th of October, 2014 I served the foregoing **Plaintiff's First Amended Complaint** on the following party via email and first class U.S. Mail:

Jessica Spooner
Todd Marshall
Assistant Attorney Generals
Department of Justice
1162 Court Street NE
Salem OR 97301-4096
Jessica.spooner@doj.state.or.us
Of Attorneys for Defendant

                                Makler Lemoine & Goldberg, PC

                                _____/s/ Elizabeth Lemoine_____
                                Elizabeth Lemoine, OSB No. 040811
                                elizabethl@mlgattorneys.com
                                Jaime G. Goldberg, OSB No. 842339
                                jaimeg@mlgattorneys.com
                                515 NW Saltzman Road Ste 811
                                Portland, OR 97229
                                Phone: 503-718-7672
                                Fax:    503-718-7682
                                Of Attorneys for Plaintiff